**Herbert HILL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14873.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Rehearing Denied July 15, 1969.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Herbert Hill, hereinafter referred to as defendant was charged, tried, and convicted in the District Court of Oklahoma County with the crime of Grand Larceny After Former Conviction of a Felony; his punishment fixed at ten years imprisonment in the State Penitentiary, and he appeals.

The facts adduced on the trial reveal that one Eldon Roberts, the Assistant Manager of Safeway Store No. 114, testified

that around 12:30 p. m. on January 31, 1967, he confronted the defendant and a companion of the defendant in said Safeway Store in a hall next to the door leading to the store office. The defendant's companion had just come from the office into the hall and when they saw Roberts, they both ran from the store with Roberts in pursuit. Outside of the store, Roberts was unable to catch the defendant on foot and observed that the defendant's companion drove off, by himself, in an automobile. Roberts returned to the store and, upon examining the office, discovered that the cash drawer had been broken open and all the cash, about $1,050.00 was gone, whereupon he notified the police department. Roberts identified State's Exhibit No. 1 as a brown mail bag kept in the Safeway Store office and State's Exhibit Nos. 2 and 3 as a coat and hat which were similar to those worn by the defendant at the time of the offense.

Loretta Smith testified that she was working at the Tubbs Rexall Drug Store next door to said Safeway Store, around 12:30 p. m. on January 31, 1967, when she observed the defendant, wearing a light coat and hat similar to States Exhibits 2 and 3, and a companion, get out of a car and go into said Safeway Store. She further testified that approximately five to ten minutes later, she saw the defendant and his companion running from the direction of the Safeway Store, and that the defendant's companion got back into the same car and left, but that the defendant did not get into the car and leave with him.

An off-duty Village Police Department officer, Kenneth McDonald, who had stopped to shop at the said Safeway Store, saw the defendant and defendant's companion running from the store being chased by Roberts. Officer McDonald attempted to grab the defendant, but the defendant avoided him and continued running with Officer McDonald and Roberts in pursuit. He further testified that he saw something under the defendant's coat, but could not tell what it was. Approxi-

mately 30 to 45 minutes later, Officer McDonald and two other Village Police Department officers, arrested the defendant at a Fina Service Station approximately one and one-half blocks from said Safeway Store. McDonald found a coat and hat in a trash bin at 1512 Ashley Drive. He further testified that the coat, State's Exhibit No. 3, was the same coat the defendant was wearing at the time he saw him running from the Safeway Store, and that State's Exhibit No. 2, the hat, was similar to the hat which defendant was wearing at that time.

Mrs. Kenneth Daniels testified that she lives directly behind the above-mentioned Safeway Store, at 1508 Ashley Drive, and that around 12:30 p. m. on January 31, 1967, she observed the defendant leaping over her back fence, wearing a coat and hat similar to State's Exhibits 2 and 3, and carrying a brown object in his hand.

Village Police Officer Stuart Earnest, testified that in making a search of the area, he found State's Exhibit 1, a brown mail bag, containing $1,026.00, in a trash bin in Mrs. Kenneth Daniels' yard at 1508 Ashley Drive.

On appeal, defendant first contends that "numerous leading and suggestive questions were propounded by the prosecution to their witnesses, objected to by the defendant and overruled by the trial court (C.M. 26, 28, 33, 42, 43 and numerous others.) Possibly none of these in and of itself would constitute reversible error, but when lumped together throughout the case made, the defendant submits that they constitute cumulative error." The record reflects that the following questions were asked and objections interposed:

At page 26 of the case made:

"Q. Now, is the defendant sitting here at the counsel table the one that you saw there?

A. Yes, sir.

Q. All right. In what part of the store, did you—

MR. HAGLE: Objection, he is leading the witness.

THE COURT: Don't lead the witness."

At page 28 of the case made:

"Q. All right. Now, what happened when you first saw them, what did you do and what did they do?

A. Well, I was kind of surprised. I thought possibly that—

MR. HAGLE: Your Honor, we object to this. His answer is not responsive to whatever it is the prosecutor is trying to ask.

THE COURT: The objection will be overruled."

\* \* \* \* \* \*

"Q. In which direction did they run?

MR. HAGLE: We would like to object to this.

THE COURT: The objection will be overruled."

At page 33 of the case made:

"Q. Did you give this defendant, Herbert Hill, permission to go into the office, break into the cash drawer, or to remove any money?

MR. HAGLE: Your Honor, we object to this question, the form of the question.

MR. SWARTZ: Your Honor, it goes to the gist of the Information.

THE COURT: Yes, that is true. The objection is overruled."

At page 42 of the case made:

"Q. I will ask you if on that day you had occasion to see the defendant here, Herbert Hill—

MR. HAGLE: I am going to object to the form of this question, it is very leading.

THE COURT: Objection is overruled."

At page 43 of the case made:

"Q. What is the distance between the door of the Safeway Store to where the car was parked?

MR. HAGLE: We object to the form of the question, it is leading and suggestive.

THE COURT: The objection will be overruled."

Counsel does not explicitly set forth in his brief where the numerous other objections were interposed to leading and suggestive questions overruled by the court, apparently citing what he considers to be the most serious and flagrant examples of such questions at pages 26, 28, 33, 42 and 43, as set forth above.

Even the most cursory examination of the foregoing questions, objections and rulings of the court reflect that many of the questions objected to were in proper form in that they did not suggest the answer to be given by the witness. None of the questions propounded influenced the testimony of the witness as to any material point and notably, not in a single instance was any exception interposed.

In dealing with the issue here presented, this Court, speaking through the Honorable Judge Jones, in Little v. State, 79 Okl.Cr. 285, 154 P.2d 772, had this to say:

"This conduct of the prosecutor is one of the most serious assignments of error presented in this appeal, and we have carefully considered the same. It does not appear to us that the leading questions which were asked affected the testimony of any of the witnesses and generally they were not leading when it came to the material points involved in the witnesses' testimony. It is our conclusion that the defendant was not denied a fair and impartial trial by reason of this conduct on the part of the County Attorney and his assistant."

■ To summarize our holding on this particular point, we are of the opinion that where objections are interposed to questions propounded by the prosecuting attorney on the grounds that they are not in proper form and leading and suggestive, and such objection is overruled, the ruling of the trial court will not be disturbed on appeal unless the questions influenced the

testimony of the witness on some material issue of the case and it is apparent that such testimony materially affected the verdict of the jury.

This leads us to a consideration of defendant's second assignment of error which is that the trial court erred in admitting certain exhibits. Appearing in the case made at pages 73–74, the following proceedings occurred:

"MR. SWARTZ: Your Honor, at this time, the State would move the admission of State's Exhibits One, Two and Three.

MR. HAGLE: To which the defendant objects, for reasons that none of the exhibits have been connected with the defendant in the case, most particularly Exhibits Two and Three.

THE COURT: Overruled.

MR. SWARTZ: Are they admitted, your Honor?

THE COURT: They are admitted into evidence."

State's Exhibit 1 was a brown mail bag containing the stolen money taken from the Safeway Store, found in a trash bin next to the trash bin in which State's Exhibits 2 and 3 were found. State's Exhibit 2 was a hat, identified as being similar to the hat worn by defendant at the time of the larceny and during his escape. State's Exhibit 3 was identified as a coat which was worn by the defendant while escaping from the scene of the theft. All three of these exhibits were found in the path taken by the defendant in fleeing from the store. All were germane to the crime. The money and the sack taken were the object of the theft and tended to connect the defendant with the commission of the crime in that they were found in the path he followed in fleeing from the store. This evidence tended to corroborate the positive identification of the defendant by eye witnesses. Exhibits 2 and 3 were also circumstantially connected to the theft and the defendant by virtue of being found in the trash bin next to the trash bin which

contained Exhibit 1. These tended to further corroborate the identification of the defendant made by witnesses. In our opinion all three of the exhibits were admitted as circumstantial evidence tending to connect the defendant with the commission of the crime and we are of the opinion that this assignment of error is wholly without merit.

For all of the reasons above set forth, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.